**Hector Waldemar Flores LUNA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71182.
Agency No. A70–949–826.

United States Court of Appeals,
Ninth Circuit.

Submitted June 15, 2004.*

Decided June 25, 2004.

Hector Waldemar Flores Luna, Garden Grove, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Ernesto H, Molina, Jr., U.S. Department of Justice, Washington, DC, for Respondent.

Before LEAVY, THOMAS, and FISHER, Circuit Judges.

MEMORANDUM**

Hector Waldemar Flores Luna, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing the appeal of an immigration judge's ("IJ") denial of his request for suspension of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a (repealed). *See Singh v. INS,* 213 F.3d 1050, 1051 n. 1 (9th Cir.2000). We review for substantial evidence the decision that an applicant has failed to establish seven years of continuous physical presence in the United States. *Vera–Villegas v. INS,* 330 F.3d 1222, 1230 (9th Cir.2003). We deny the petition.

The IJ concluded that Flores Luna was not credible regarding when he first entered the United States. The IJ's adverse credibility finding was based on her observations of Flores Luna's testimony and a discrepancy between his testimony and his earlier asylum application. The IJ also

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

questioned the authenticity of his tax returns from 1989, 1990, and 1991, noting that it was implausible that Flores Luna would continue to use an address for his tax returns three years after he had moved from that address and that there was no corroborating evidence that Flores Luna actually filed the returns. The record evidence does not compel a contrary result. *See id.*

Flores Luna's contention that the Nicaraguan and Central American Relief Act violates equal protection is inapposite because the IJ applied the more lenient rules of suspension of deportation in this case. *See Hernandez–Mezquita v. Ashcroft*, 293 F.3d 1161, 1162–63 (9th Cir.2002) (describing the "suspension of deportation" rules in place prior to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") and the more stringent "cancellation of removal" rules adopted under IIRIRA).

We lack jurisdiction to consider Flores Luna's request regarding "repapering" under IIRIRA § 309(c) because he failed to raise this argument with the BIA. *See Vargas v. INS*, 831 F.2d 906, 907–08 (9th Cir.1987).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), Flores Luna's voluntary departure period will being to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**